Zhu v. Holder

BIA
A096 011 152

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of July, two thousand thirteen.

PRESENT:
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

QINDI ZHU, AKA QUIN PA ZHU,
> *Petitioner,*

> v.                                          12-889
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:         Gary J. Yerman, New York, New York.

FOR RESPONDENT:         Stuart F. Delery, Acting Assistant
                        Attorney General; James A. Hunolt
                        and Erica B. Miles, Senior
                        Litigation Counsel, Office of
                        Immigration Litigation, Civil
                        Division, United States Department
                        of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Qindi Zhu, a native and citizen of the People's Republic of China, seeks review of a February 13, 2012, decision of the BIA denying his motion to reopen. *In re Qindi Zhu*, No. A096 011 152 (B.I.A. Feb. 13, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). We find no abuse of discretion in this case.

Zhu concedes that his motion to reopen was filed more than 90 days after his administrative removal order became final in 2005. It is therefore untimely unless it falls within an exception to the time limitation that generally governs motions to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Zhu contends that the limitation does not apply here because his motion is "based on changed circumstances arising in" China, 8

U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).
His arguments are unpersuasive.

Zhu's motion to reopen is premised on a renewed claim
for asylum based on his alleged political activities with
the Chinese Democratic Party in the United States, beginning
after he was ordered removed in 2005. Zhu's political
activities constitute a change in personal circumstances
arising in the United States, not a change of conditions
arising in China, and are therefore insufficient to
establish an exception to the 90-day time limitation. *See*
*Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008); *Wei*
*Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).

Zhu alleges that conditions in China have changed as a
result of his political activities in the United States.
The BIA concluded that Zhu's documentation failed to
establish changed conditions in China, and that conclusion
is supported by substantial evidence. *See Jian Hui Shao v.*
*Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (reviewing BIA's
factual findings regarding changed country conditions under
the substantial evidence standard).

The BIA's decision indicates that it considered all of
the evidence included with Zhu's third motion to reopen,

3

including a letter from his wife. Contrary to Zhu's assertions, the BIA did not abuse its discretion in finding the unsworn, uncorroborated letter unpersuasive and entitled to limited evidentiary weight in light of a prior finding that Zhu was not a credible witness. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148 (2d Cir. 2007)(holding that the BIA did not abuse is discretion in declining to credit unauthenticated documents submitted with a motion to reopen where alien had been found not credible in the underlying proceedings).

The BIA also reasonably concluded that Zhu's other evidence failed to establish changed conditions in China, as it reflected a continuation of, rather than a change in, China's treatment of political dissidents since the time of Zhu's hearing. Finally, Zhu's argument that the BIA applied an erroneously high burden of proof fails to recognize that a petitioner seeking to reopen immigration proceedings must meet a "heavy burden," *INS v. Abudu*, 485 U.S. 94, 110 (1988).

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, Zhu's pending motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk